UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-09389-BRO (JCx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | DUKE PARTNERS II, LLC V. JOSEPH R. CAMBE ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

## ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

**I. DISCUSSION**

A federal court must determine its own jurisdiction, even where there is no objection to it. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to 28 U.S.C. §§ 1331, 1332, or 1333. Under § 1331, a federal court has "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under § 1332, a federal district court has jurisdiction over a civil action between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The United States Supreme Court has interpreted the diversity statute to require "complete diversity of citizenship," meaning that each plaintiff must be diverse from each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). Pursuant to § 1333, federal courts have original jurisdiction over admiralty or maritime cases as well as over cases regarding "[a]ny prize brought into the United States." 28 U.S.C. § 1333.

Plaintiff Duke Partners II, LLC ("Plaintiff") filed this unlawful detainer action against Defendants Joseph R. and Wilma Eileen I. Cambe (collectively, "Defendants") in the Superior Court of California, County of Los Angeles on October 12, 2016. On December 20, 2016, Defendants filed a Notice of Removal to this Court. (*See* Dkt. No. 1 (hereinafter, "Removal").) In their Removal, Defendants argue that Plaintiff is infringing

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-09389-BRO (JCx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | DUKE PARTNERS II, LLC V. JOSEPH R. CAMBE ET AL. | | |

their constitutional rights, as well as their rights under 42 U.S.C. §§ 1981, 1982, and 1983. (Removal at 1.) In addition, Defendants claim that this Court has diversity jurisdiction under 28 U.S.C. § 1332. (Removal at 3–5.)

### A. Federal Question Jurisdiction

For this Court to have federal question jurisdiction pursuant to 28 U.S.C. § 1331, Plaintiff's Complaint must arise under federal law. *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011). "A case arises under federal law within the meaning of § 1331 if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (internal quotation marks omitted). In this case, Plaintiff's Complaint raises only one cause of action for unlawful detainer—a cause of action "grounded in California state law," *Litton Loan Servicing*, 2011 WL 204322, at *2; specifically, California Civil Procedure Code section 1161(a), (*see* Removal, Ex. 1 (hereinafter, "Compl.")); *see also* Cal. Civ. Proc. Code § 1161a. Therefore, federal law does not create Plaintiff's unlawful detainer claim and "[P]laintiff's right to relief on the unlawful detainer claim does not depend on the resolution of a substantial question of federal law." *Litton Loan Servicing*, 2011 WL 204322, at *2. Moreover, because the well-pleaded complaint rule examines only the contents of Plaintiff's Complaint, Defendants' arguments in their Removal that their constitutional and federal statutory rights are being violated fail to establish federal jurisdiction under § 1331. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) ("A federal defense, however, does not support federal-question jurisdiction."). Accordingly, the Court lacks jurisdiction under § 1331.

### B. Diversity Jurisdiction

As to diversity jurisdiction, Defendants have failed to establish that the amount in controversy in this case exceeds $75,000. *See* 28 U.S.C. § 1332. On its face, Plaintiff's Complaint indicates that it seeks less than $10,000 in damages. (*See* Compl.) "[I]n unlawful-detainer actions, the title to the property is not the object of the litigation—only the right to possession." *HSBC Bank USA, Nat'l Ass'n v. Jacob*, No. 5:13-cv-02191-ODW(JCx), 2013 WL 6328840, at *2 (C.D. Cal. Dec. 4, 2013). Here, while Defendants

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-09389-BRO (JCx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | DUKE PARTNERS II, LLC V. JOSEPH R. CAMBE ET AL. | | |

argue that the amount in controversy requirement is met because the value of the property is approximately $375,000, (Removal at 4), Plaintiff indicates that its damages are approximately $80 per day, (Compl. ¶ 14).   Because only the right to possession is at issue in unlawful detainer actions, "the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." *Litton Loan Servicing*, 2011 WL 204322, at *2; *accord HSBC Bank*, 2013 WL 6328840, at *2. It appears that the notice to vacate expired, and thus, Plaintiff's damages began to accrue, on October 11, 2016.  (Compl. ¶ 12.)  So far, then, Plaintiff's damages total approximately $6,240—well short of the $75,000 minimum required to establish federal diversity jurisdiction.  Accordingly, Defendants fail to establish that the Court has jurisdiction under § 1332.

### C.     Timeliness of Removal

Additionally, under 28 U.S.C. § 1446, a Notice of Removal must be executed within thirty days after the defendant has received a copy of the Complaint.  28 U.S.C. § 1446(b).  Defendants attach to their Removal an Answer they filed on November 15, 2016, while the action was proceeding in the Superior Court.  (*See* Removal, Ex. 2.)  Defendants did not file their Notice of Removal until December 20, 2016.  (*See* Removal.)  As the Removal was filed more than thirty days after Defendants filed their Answer—meaning it was certainly filed more than thirty days after they received a copy of Plaintiff's Complaint—Defendants' Removal was untimely.

## II.     CONCLUSION

Accordingly, the action is **DISMISSED with prejudice**, as the Court lacks subject matter jurisdiction and the Removal was untimely.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |